JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 25 1987

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 743

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE KEENAN PATENT LITIGATION

TRANSFER ORDER

This litigation presently consists of four actions pending in four districts as follows: one action each in the Northern District of Illinois, the District of New Jersey, the Southern District of Ohio and the Northern District of California.[1]/ Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by A.H. Robins Company, Inc. (Robins), the plaintiff in each action, to centralize the actions in the Southern District of Ohio for coordinated or consolidated pretrial proceedings. The defendants in all four actions oppose transfer. Alternatively, certain of these defendants support selection of the Southern District of Ohio or the Eastern District of Virginia as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Ohio will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The same Robins patent is at issue in each action -- U.S. Patent No. 4,536,386 (the Keenan Patent), a patent granted in 1985 that pertains to a method of alleviating nausea and vomiting, i.e., emesis, caused by cesplatin cancer chemotherapy. The actions share common factual questions relating to the validity of the Keenan patent, the causes of emesis and its prevention, the scope and content of the prior art, the

---

\*   Judge Andrew A. Caffrey took no part in the decision of this matter.

1/   The motion before the Panel, as originally filed on August 31, 1987, did not encompass the California action. Subsequently the motion was amended on October 27, 1987, to add the California action. This amendment was filed too late for the action to be included in the Panel order scheduling the November 18, 1987 hearing in this docket. The California action is included in the matter now before us, however, because all parties to the action have stated in writing their respective positions on the transfer motion and were present and given the opportunity to participate in oral argument at the Panel's November 18th hearing.

-2-

breadth of the patented claims, and certain defenses. Centralization under Section 1407 is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.2/

None of the districts in which constituent actions are pending can be described as the nexus for this litigation, but we are reluctant (especially in view of defendants' concerns about delay, see note 2, supra) to order transfer to a district in which no constituent action is pending. In selecting the Southern District of Ohio as transferee district, we note that i) it is favored by the common plaintiff and some defendants, and ii) it is conveniently located vis-a-vis the other districts in which constituent actions are pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Southern District of Ohio be, and the same hereby are, transferred to the Southern District of Ohio and, with the consent of that court, assigned to the Honorable John D. Holschuh for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

Robert H. Schnacke
Acting Chairman

---

2/   Opponents to transfer have based a significant part of their opposition on their concern that the mechanics of transfer will entail delays in a litigation in which time is of the essence. We are sympathetic to this concern but view it as misplaced. We note that under 28 U.S.C. §1407(c), this transfer order is effective when filed with the transferee court, at which time the transferee judge is fully vested with authority to supervise centralized pretrial proceedings -- even before the physical arrival of files from the clerks of the involved transferor courts. We are also confident that counsel, if they deem it necessary, can i) devise ways to assist the transferor clerks in order to expedite the physical transfer of files, and ii) provide the transferee judge with copies of any documents pertinent to rulings sought from the transferee judge.

SCHEDULE A

MDL-743 -- In re Keenan Patent Litigation

### Northern District of Illinois

A.H. Robins Company, Inc. v. DuPont Critical Care Company, C.A. No. 87-C-4103

### District of New Jersey

A.H. Robins Company, Inc. v. American Cyanamid Corporation, C.A. No. 87-2544

### Southern District of Ohio

A.H. Robins Company, Inc. v. Erbamont, Inc., et al., C.A. No. C2-87-677

### Northern District of California

A.H. Robins Company, Inc. v. Cetus-Ben Venue Therapeutics, et al., C.A. No. C-87-5335-WWS